IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MARK A. NUNEZ, | ) | Civ. No. 2:08-00669-DAE |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| YOLO COUNTY JAIL, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

ORDER DISMISSING COMPLAINT PURSUANT TO 28 U.S.C. § 1915

On March 3, 2008, pro se Plaintiff Mark A. Nunez, a state prisoner incarcerated at the Yolo County Jail, filed a civil rights complaint and an in forma pauperis application.  (Doc. ## 1 & 2.)  Plaintiff's request to proceed in forma pauperis was granted on January 8, 2009.  (Doc. # 6.)  Plaintiff alleges violations of his Eighth Amendment rights based on denial of medical treatment with deliberate indifference.  Plaintiff brings this claim pursuant to 42 U.S.C. § 1983.  Because there are several deficiencies with the complaint, this Court DISMISSES Plaintiff's Complaint and GRANTS Plaintiff leave to amend.

STANDARD OF REVIEW

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a

governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915A(b)(1)-(2) .  If the court determines that a pleading could be cured by the allegation of other facts, a pro se litigant is entitled to an opportunity to amend a complaint before dismissal of the action.  See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (en banc).

The court should not, however, advise the litigant how to cure the defects.  This type of advice "would undermine district judges' role as impartial decisionmakers."  Pliler v. Ford, 542 U.S. 225, 231 (2004); see also Lopez, 203 F.3d at 113 n.13 (declining to decide whether the court was required to inform the litigant of deficiencies).

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right of relief above the speculative level."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  "The pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action."  Id. (citation omitted).  In reviewing a complaint under this

standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Rex Hosp. Trs., 425 U.S. 738, 740 (1976).  The court must also construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

When a plaintiff appears pro se, as Plaintiff does in this action, the court has an obligation to construe the plaintiff's complaint liberally.  See Bernhardt v. Los Angeles County, 339 F.3d 920, 925 (9th Cir. 2003); Jackson v. Carey, 353 F.3d 750, 757 (9th Cir. 2003) (same).  Pro se plaintiffs in a civil rights action must be afforded the benefit of any doubt.  See Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 623 (9th Cir. 1988). "A pro se litigant must be given leave to amend his or her complaint unless it is 'absolutely clear that the deficiencies of the complaint could not be cured by amendment.'"  Id. (quoting Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987), superceded by statute, Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000).

## DISCUSSION

On August 4, 2007, Plaintiff claims that he sustained an injury while incarcerated at the Yolo County Jail in Woodland, California.  Plaintiff alleges that on the date of injury he was denied medical treatment with deliberate indifference.  As a result of the denial of medical treatment Plaintiff submitted a grievance to

3

Correction Officer ("C/O") Rademaker.  On August 17, 2007, Plaintiff saw a doctor for his injury.  Plaintiff alleges that the pain was persistent and unbearable, but he was still able to walk without the assistance of crutches.  On August 21, 2007, Plaintiff had a second visit to the doctor at which time he was referred to an outside specialist.

On August 24, 2007, Plaintiff was transported to Woodland Clinic to see Dr. Starkweather, a specialist in podiatry.  At the clinic, Dr. Starkweather visually diagnosed (without the assistance of a x-ray or MRI) a ruptured achilles tendon.  Plaintiff alleges that Dr. Starkweather offered to operate that day.  The jail staff, however, allegedly denied the doctor's recommendation and the surgery was performed four days later on August 28, 2007.

Plaintiff requests that the Court analyze the medical treatment at the Yolo County Jail and check that the competency and certification of employees meet the appropriate medical profession standards.  In addition, Plaintiff seeks damages of four million dollars.

As discussed more fully below, this Court finds that Plaintiff's complaint fails to properly name a defendant.  There exist three problems with Plaintiff's listed defendants:  (1) different defendants are named in the title and body of the complaint; (2) Yolo County Jail is not a sueable entity; and (3) there

4

are no named defendants to serve.  Additionally, the facts as alleged by Plaintiff's complaint are insufficient to state a claim for deliberate indifference.  The complaint is, therefore, DISMISSED with leave to amend to remedy these issues.

I.      Different Defendants Listed

In Plaintiff's complaint, different defendants are named in the title and the body.  In the caption, Plaintiff has named as Defendants "Yolo County Jail, Monroe Detention Center, and John and Jane Does 1 thru 100."  However, on page two of the complaint form, Plaintiff names only John and Jane Does as employed as a corrections officers and medical staff at the Yolo County Jail.  The inconsistency of listed defendants needs to be corrected, so that it is clear who Plaintiff intends as defendants.

II.     Failure to Name a Proper Defendant

To state a claim under § 1983, a plaintiff must sue a "person" who, acting under color of state law, violated the plaintiff's constitutional rights.  A "person," for purposes of § 1983, includes officials or officers who directly violated or caused a violation of a plaintiff's constitutional rights.  A supervisor "is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them."  Taylor v. List, 880 F.2d 1040, 1045 (9th Cir.1989).  In addition,

Federal Rules of Civil Procedure 10(a) requires a plaintiff to include the names of the parties in the action.  As a practical matter, it is impossible in most instances for the United States Marshal or his designee to serve a summons and complaint or amended complaint upon an anonymous or unnamed defendant.  That is, a plaintiff must sue the "persons" responsible, not a county or city jail, or a police department, or  "staff," or fictitiously-named defendants.

Furthermore, "a jail is not a sueable entity, but it may be that the governmental agency that runs the jail can be sued if it is alleged that the constitutional violations were the product of a policy or custom of that agency. Greene v. Alameda County Jail, No. C 08-3986, 2008 WL 4225449, at *2 (N.D. Cal. Sept. 15, 2008) (citing see Shaw v. Cal. Dep't of Alcoholic Beverage Control, 788 F.2d 600, 604-05 & n. 1, 610-11 (9th Cir. 1986) (police department of a city and the sheriffs department of a county are public entities under California law and therefore may be sued in federal court); see also Brewster v. Shasta County, 275 F.3d 803, 812 (9th Cir. 2001) (California county sheriff's department acts for county rather than state when investigating crime, thus county may be subject to § 1983 liability)).

As the Yolo County Jail and Monroe Detention Center are not sueable entities, claims against them are dismissed with leave to amend.  In amending,

Plaintiff must name a sueable entity, not a jail.  Additionally, Plaintiff "must make clear exactly which defendants [] [he] intends to name and [] [he] must say where the defendants can be served if the case is allowed to proceed." Greene, 2008 WL 4225449, at *2.

Plaintiff also asserts claims against John and Jane Does as Correctional Officers and medical staff at the Yolo County Jail.  This Court construes that Plaintiff intends to learn the names of these correctional officers and staff through discovery.  In the Ninth Circuit, the use of Doe defendants is not favored.  Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir.1980); Velasquez v. Senko 643 F. Supp. 1172, 1180 (N.D. Cal. 1986).  However, in situations when the identity of the alleged defendants is unknown prior to the filing of the complaint, the plaintiff should be given the opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover their identities, or that the complaint would be dismissed on other grounds.  Nible v. Warden, No. CV 1-08-00713, 2009 WL 1706581, at *2 (E.D. Cal. June 15, 2009) (citing Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999)); Gillespie, 629 F.2d at 642.

Although it is permissible to use Doe Defendant designations, the court cannot order service of a complaint until defendants are identified by their

real names.  See Scott v. Keller, No. CIV S-07-0184, 2007 WL 1081042, at *3 (E.D. Cal. Apr. 5, 2007); Lira v. Cal. Dep't of Corrs., No. C 07-1447, 2007 WL 2221019, at *2 (N.D. Cal. July 31, 2007).  In this case, Plaintiff has not named any proper defendants other than Doe defendants.  This Court, therefore, is unable to order service in this action.  Plaintiff must name at least one person upon which this court could order service of a complaint.  As submitted, it is impossible for a defendant to be served or identified.  The complaint, therefore, is DISMISSED pursuant to Federal Rules of Civil Procedure 10(a).  The Court grants Plaintiff leave to amend the complaint, however, to add a proper named defendant or identify the Doe Defendants by their real names.

III.    Failure to State a Claim for Deliberate Indifference

Although dismissing Plaintiff's complaint for failure to name a proper defendant to serve, this Court also notes that Plaintiff has failed to sufficiently plead a claim for deliberate indifference.  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988).  In addition, to maintain a deliberate indifference claim, a prisoner must show "acts or omissions sufficiently harmful to evidence

deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976).  To act with deliberate indifference, a prison official must know of and disregard an excessive risk to inmate health.  Farmer v. Brennan, 511 U.S. 825, 837 (1994).  The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists and he must also draw the inference.  Id.  Furthermore, Plaintiff must demonstrate that "failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'"  McGukin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1991), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc) (citing Estelle, 429 U.S. at 104).

  "Deliberate indifference is a high legal standard."  Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004).  Besides showing the "unnecessary and wanton infliction of pain," plaintiffs must show (1) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (2) harm caused by the indifference.  Jett v. Penner, 439 F. 3d 1091, 1096 (9th Cir. 2006) (citing Estelle, 429 U.S. at 104).  The harm need not be substantial, although "such would provide additional support for the inmate's claim that the defendant was deliberately indifferent to his needs."  Id. (citing Estelle, 429 U.S. at 104).

Here, Plaintiff fails to allege facts demonstrating acts or omission sufficiently harmful to evidence deliberate indifference to his serious medical needs. Plaintiff was permitted to see a doctor on four separate occasions on August 17, August 21, August 24, and August 28, 2007. Within two weeks of sustaining an injury, Plaintiff was permitted to see a doctor. Plaintiff then proceeded to have surgery on his foot within four weeks from the date of injury. Although Plaintiff was not examined by a doctor for two weeks, there is no evidence that this delay caused him additional injury. It is unclear how the facts alleged meet the high legal standard of deliberate indifference. Plaintiff has not shown that the facts alleged exhibit wanton infliction of pain, purposeful act or failure to respond to Plaintiff's pain or medical need, and harm caused by the indifference. See Jett 439 F.3d at 1096. This Court, therefore, dismisses the deliberate indifference claim but grants Plaintiff leave to amend the alleged facts that state a claim for relief.

IV.   28 U.S.C. § 1915(g)

Plaintiff is notified that, pursuant to 28 U.S.C. § 1915(g), a prisoner may not bring a civil action or appeal a civil judgment under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was

dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." If Plaintiff is unable to amend the complaint to cure the deficiencies enumerated in this order, this dismissal shall constitute a strike under 28 U.S.C. § 1915(g).

## CONCLUSION

IT IS HEREBY ORDERED that:

(1)  Plaintiff's claims against Defendant Yolo County Jail, Monroe Detention Center, and Doe Defendants are DISMISSED.  Specifically, the complaint:  (1) lists different defendants in the title and body; (2) lists unsueable defendants; and (3) lists Doe Defendants who are improper defendants for service.

(2)  Additionally, Plaintiff's complaint is DISMISSED for failure to state a claim for deliberate indifference because the facts alleged are insufficient.

(3)  Plaintiff is GRANTED thirty (30) days leave, as calculated from the date this Order is filed, in which to file an amended complaint that cures the deficiencies noted above.  The amended complaint must be complete in itself without reference to the superseded pleading.  See Local Rules of the Eastern District of California, LR 15-220.  Defendants not named and any claims not

re-alleged in the amended complaint will be deemed to have been waived.  See

King v. Atiyeh, 814 F.2d 565, 567 (9th Cir.1987).

(4)  If the amended complaint fails to state a claim upon which relief may be granted, it may be dismissed without further leave to amend and may hereafter be counted as a "strike" under 28 U.S.C. § 1915(g).  See McHenry v. Renne, 84 F.3d 1172, 1177-79 (9th Cir. 1996).

(5)  If Plaintiff fails to file an amended complaint within the time granted, this complaint and action SHALL BE AUTOMATICALLY DISMISSED and shall be counted as a "strike" under 28 U.S.C. § 1915(g).

(6)  The Clerk of Court is directed to mail a form § 1983 complaint to Plaintiff.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, July 20, 2009.

_____
David Alan Ezra
United States District Judge

Mark A. Nunez v. Yolo County Jail, Cv. No. 2:08-00669-DAE; ORDER DISMISSING COMPLAINT PURSUANT TO 28 U.S.C. § 1915